UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8594 CAS (FMOx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | NATIONAL ORGANIZATION OF ASSISTANCE FOR HOMEOWNERS ET AL. V. LITTON LOAN SERVICING | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION

## I.   INTRODUCTION

On November 10, 2010, plaintiff National Organization of Assistance for Homeowners ("NOAH"), along with its local chapters and individual members (collectively "plaintiffs"), filed the instant class action against defendant Litton Loan Servicing in this Court. Plaintiffs' class action alleges violations regarding statutory notice and assignment provisions of the California Civil Code in non-judicial foreclosure proceedings. Plaintiffs allege that jurisdiction is proper under the Class Action Fairness Act ("CAFA") and alternatively allege that there is jurisdiction based on a federal question.

## II.   DISCUSSION

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8594 CAS (FMOx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | NATIONAL ORGANIZATION OF ASSISTANCE FOR HOMEOWNERS ET AL. V. LITTON LOAN SERVICING | | |

"allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

      A class action filed under CAFA requires that the amount in controversy of the plaintiffs' aggregated claims "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; the aggregate number of proposed plaintiffs is 100 or greater; and any member of the plaintiff class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). "The amount in controversy is determined from the allegations or prayer of the complaint." William W. Schwarzer et al., Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions ¶ 2:450 (2010) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). In the case of a class action that fails to meet the amount in controversy requirement of CAFA, aggregation of claims is only appropriate when the claims seek to enforce "a single right or title in which they hold a common and undivided interest." Snyder v. Harris, 394 U.S. 332, 335 (1969); see also 15 James Wm. Moore et al., Moore's Federal Practice § 102.108[4][a][iii][A] (2010).

      Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1). Furthermore, in the case of a class action, it is appropriate to review the claims of only the named plaintiffs when determining whether the court has jurisdiction. See Gibson v. Chrysler Corp., 261 F.3d 927, 941 (9th Cir. 2001); see also Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1189-90 (N.D. Cal. 1997) (undisputed fact that single named plaintiff seeking to represent future class failed to satisfy jurisdictional minimum amount in controversy defeats removal jurisdiction over class and requires remand). Thus, for diversity jurisdiction to exist, there must be complete diversity of citizenship between the named plaintiffs and the named defendants, and at least one named plaintiff must have a claim in excess of $75,000. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558-60 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8594 CAS (FMOx) | Date | November 22, 2010 |
|---|---|---|---|
| Title | NATIONAL ORGANIZATION OF ASSISTANCE FOR HOMEOWNERS ET AL. V. LITTON LOAN SERVICING | | |

Plaintiffs have not alleged any amount in controversy related to their allegations or prayers for relief from which this Court may determine if the amount in controversy requirement has been met. Additionally, though plaintiffs claim jurisdiction also exists under 28 U.S.C. § 1331, nowhere in the complaint do plaintiffs allege a violation of federal law. If this Court does not have jurisdiction over the claims of the named plaintiff, it cannot exercise jurisdiction over the entire class action. Accordingly, plaintiffs are hereby ORDERED to SHOW CAUSE on or before December 6, 2010, why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | CMJ | | |